No. 895.

ELIZA BAYLIES VS. TARMESIA NASH, ADMINISTRATRIX.

The prescription of three years is pleaded by defendant against the claims on which this suit is based. The plaintiff contends that the instruments on which she sues are either promissory notes and prescribed in five years or acknowledgments of debt and barred only by the prescription of ten years. This is correct, and the evidence is that both were signed on the same day, November 17, 1868. This suit was instituted in April, 1871, which takes both out of the prescription sustained by the judge a quo, who decided that said instruments were receipts for money loaned.

APPEAL from the Third Judicial District Court, parish of St. Mary. Train, J. A. L. Tucker and Fred. Gates, for plaintiff and appellant. D. Caffery, for defendant and appellee.

HOWELL, J. This suit is based on the following instruments, to wit:

" Received cash from Eliza Baylies, in December, 1863, one thousand dollars, and in November, 1865, $441 75, up to July, 1866, the first, a further sum of $881 10, borrowed in gold one hundred dollars, to be paid when called upon.

" (Signed)                                    " W. J. NASH."

" The above is at eight per cent interest per annum.

" (Signed)                                    " W. J. NASH."

" November 17, 1868, received of Eliza N. Baylies one hundred dollars in gold, which I owe her, and is to be paid when called for.

" St. Mary, La.

" (Signed)                                    "W. J. NASH."

" The above is at eight per cent interest.

" (Signed)                                    " W. J. NASH."

The defense, besides the general denial, is that plaintiff is one of the heirs of W. J. Nash, at whose death she had possession of his books,

papers, and accounts; that the instruments sued on were contained in a bound book, the leaves of which were destroyed except those containing said instruments; that no consideration ever existed for the same; that they were obtained through fraud and other ill-practices; that plaintiff had no means of her own, and was supported by her father; that from 1865 to 1869, inclusive, she collected rents for her father from property in New Orleans, amounting to six hundred dollars, and never accounted therefor, which more than compensates any sum that may have been due plaintiff. The prescription of three years was pleaded. The judge *a quo* held that the instruments were receipts for money, and the items, except the one hundred dollars borrowed November 17, 1868, were prescribed in three years, and gave judgment for said sum in gold, from which plaintiff appealed.

Defendant asks that judgment be amended by rejecting the whole claim.

The plaintiff contends that said instruments are either promissory notes and prescribed in five years, or acknowledgments of debt and prescriptible in ten years. This is correct, and the evidence is that both were signed on the same day, November 17, 1868. This suit was instituted in April, 1871, which takes both out of the prescription sustained by the judge *a quo.*

On the merits the defense is not sustained by the evidence.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of defendant, administratrix of the succession of Wm. J. Nash, deceased, $2522 85, with eight per cent per annum interest from November 17, 1868, till paid, two hundred dollars of it to be in gold, and costs of both courts, to be paid in due course of administration.